**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| AUTO PROTECHT LLC d/b/a PAYLESS REPAIR BILLS, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |
| _____ / | | |

Plaintiff George Moore (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1.      As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      This case involves a campaign by Auto Protecht LLC d/b/a Payless Repair Bills ("Auto Protecht") to market auto warranty services through the use of a telemarketing campaign,

including telephone calls involving pre-record messages, despite not having the requisite consent to contact those individuals.

3.      In addition to violating the TCPA, the telemarketing campaign engaged in by Auto Protecht also violated 815 ILCS 305, the Illinois Automatic Telephone Dialers Act when it used a pre-recorded message.

4.      Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.      Plaintiff George Moore is an individual citizen and resident of this District.

7.      Defendant Auto Protecht LLC is a Florida limited liability company with a registered agent of Peter Bonneau, 1015 W. Indiantown Rd., Suite 200, Jupiter, FL 33458.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9.      Auto Protecht is subject to specific personal jurisdiction because it made telemarketing calls to the Plaintiff by directing its conduct into this District.

10.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing solicitations that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

12.     The TCPA makes it unlawful to make calls to any cellular or residential line using

an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47

U.S.C. § 227(b)(1)(B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer*

*Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

13.     The TCPA provides a private cause of action to persons who receive such calls.

*See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient.

15.     In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer:  (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf

of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

16.    Second, § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

17.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT**

20.    In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

21.     The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees.  815 ILCS 305/30(c).

22.     Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.


## FACTUAL ALLEGATIONS

23.     Defendant Auto Protecht is a "person" as the term is defined by 47 U.S.C. § 153(39).

24.     The Plaintiff did not provide his prior express written consent to receive the telemarketing solicitations at issue.

Calls to Plaintiff

25.     Plaintiff Moore's telephone number, 630-XXX-3200, is a residential telephone line.

26.     It is not associated with a business and is used by Mr. Moore only.

27.     The telephone number has been on the National Do Not Call Registry since March 26, 2006.

28.     Mr. Moore has previously sued Auto Protecht for making illegal telemarketing calls to this number.

29.     Despite previously suing Auto Protecht, Mr. Moore received telemarketing calls and text messages from Auto Protecht on September 9, 10, 13, 23, and 24, 2021.

30.     The calls on September 9 and 10 utilized the following pre-recorded message:

> Hi, this is Payless Repair Bills. We're call you about the Auto Protecht account you had with us. We have some exciting options for you to reinstate your lapsed coverage this week. Give us a call back at 888-346-1004. Again, this is Payless Repair Bills. Please give us a call back at 888-346-1004.

31.     The calls and text messages came from (888) 346-1004.

32.     This Caller ID has been linked to telemarketing complaints. *See*

https://directory.youmail.com/directory/phone/8883469202 (Last Visited September 23, 2021).

33.     Confirming that the telephone solicitations were to offer the Defendant's services,

Mr. Moore then received an e-mail from info@em.paylessrepairbills.com.

34.     paylessrepairbills.com is an internet domain owned by the Defendant.

35.     The calls and text messages received by Plaintiff were sent for the purpose of

encouraging the purchase or rental of, or investment in, property, goods, or services as they seek

to have him sign up for auto warranty services.

36.     These calls and text messages therefore qualified as telemarketing.  47 C.F.R. §

64.1200(f)(12).

37.     Plaintiff and all members of the classes defined below, have been harmed by the

acts of Defendant because their privacy has been violated and they were subjected to annoying

and harassing calls and text messages that constitute a nuisance.  The calls also occupied

Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

38.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings

this action on behalf of the following classes of persons or entities similarly situated throughout

the United States.

39.     The classes of persons Plaintiff proposes to represent are tentatively defined as:

DO NOT CALL LIST CLASS

> All persons within the United States to whom: (a) Defendant or a third
> party acting on its behalf, made at least two telephone solicitation

6

calls and/or text messages during a 12-month period; (b) promoting its goods and/or services (c) to a telephone number registered on the National Do Not Call Registry for at least 30 days prior to the first call or text message; (d) on or after four years from the filing of this lawsuit up until trial.

PRERECORDED CLASS

All persons within the United States to whom: (a) Defendant or a third party acting on its behalf, made one or more telephone calls promoting its goods and/or services; (b) to a residential telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

IL ATDA SUBCLASS

All Illinois residents to whom: (a) Defendant and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to a residential telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

40. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41. The classes as defined above are identifiable through phone records and phone number databases.

42. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

43. Plaintiff is a member of the classes.

44. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

7

b.  Whether Defendant's calls and text messages are solicitations;

c.  Whether Defendant made calls using a prerecorded voice;

d.  Whether Defendant placed calls and/or sent text messages without obtaining the recipients' prior express written consent for the call or text message; and

e.  Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

45. Plaintiff's claims are typical of the claims of class members.

46. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

47. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

48. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violations of the TCPA's Do Not Call Provisions

50. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.     Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating, or having one of its vendors initiate on its behalf, multiple solicitation calls and text messages within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission.

52.     Defendant's violations were negligent and/or willful.

## Count Two
## Violation of the TCPA's Automated Telemarketing Call Provisions

53.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54.     Defendant violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(3) by initiating, or having one of its vendors initiate on its behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's residential telephone number using a pre-recorded voice without his prior express written consent.

55.     Defendant's violations were negligent and/or willful.

## Count Three
## Violations of the ATDA, 815 ILCS 305/1 *et seq.*

56.     Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

57.     The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party."  815 ILCS 305/30(b).

58.     Defendant did not have the consent of Plaintiff or the other members of the IL ATDA Sub-Class to play a prerecorded message placed by an autodialer.

59.     Nonetheless, Defendant called the phones of Plaintiff and the other members of the IL ATDA Sub-Class using a telephone dialing or accessing device, machine, computer or

system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message. No human being physically dialed each digit of Plaintiff's or the other IL ATDA Sub-Class members' phone numbers to connect their telephones with a recorded message.

60.     Consequently, Defendant violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiff and the other IL ATDA Sub-Class members, without such persons' consent, or by the fact that others did so on its behalf.

61.     As a result of Defendant's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the IL ATDA Sub-Class were harmed and are each entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

## **RELIEF SOUGHT**

For himself and all members of the Classes, Plaintiff requests the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages and calling numbers listed on the National Do Not Call Registry;

F.      An award to Plaintiff and the Classes of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorney

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com